# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHAROTTE DIVISION
# 3:15-cv-58-FDW

| | |
|---|---|
| AZIZ MANTEEN-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DONNA PRICE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). Also pending before the Court is Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I. FACTS

Pro se Plaintiff Aziz Manteen-El, a North Carolina pre-trial detainee incarcerated in the Mecklenburg County Jail, filed the instant Complaint on February 2, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Donna Price, identified as an Assistant District Attorney in Charlotte, North Carolina; (2) R. Andrew Murray, identified as a District Attorney in Charlotte, North Carolina; (3) Anna C. McMillan, identified as an Assistant Public Defender in Charlotte, North Carolina; (4) Kevin Tully, identified as a Public Defender in Charlotte, North Carolina; (5) Richard D. Boner, identified as a superior court judge in Charlotte, North Carolina; (6) Yvonne Mims Evans, identified as a superior court judge in Charlotte, North Carolina; (7) Karen Eady-Willis, identified as a district court judge in Charlotte, North Carolina; and (8) Irwin Carmichael, identified as the Mecklenburg County Sheriff.

Plaintiff alleges that he is bringing this action "because of multiple counts of violations of

-1-

my civil rights, constitutional rights, and human rights" by Defendants. (Doc. No. 1 at 4). Although Plaintiff's allegations are not clear, he appears to be complaining that he is being unlawfully detained in the Mecklenburg County Jail on some unspecified state criminal charges. Plaintiff alleges that he was illegally arrested and incarcerated in the Mecklenburg County Jail on or around January 14, 2013, and then again on or around September 9, 2014. (Id. at 9). Plaintiff alleges that prosecutors Price and Murray violated Plaintiff's constitutional rights by "swearing an arrest warrant against Plaintiff that they knew was prohibited or restricted by the constitution, an ex post facto law, and placed a[n] illegal title/status on Plaintiff to hold him in jail and to make money from the use of the illegal title/status . . . ." (Id. at 4). Plaintiff alleges that public defenders McMillan and Tully merely acted as "hired guns" for the prosecutors. (Id. at 5). Plaintiff alleges that all of the named Defendants are engaging in a civil conspiracy to keep Plaintiff in jail. See (Id.). Plaintiff also alleges that the acts of the named Defendants resulted in Plaintiff's incarceration in a jail in Missouri for some unspecified time, where his fingers were injured in an accident. (Id. at 6). Finally, Plaintiff alleges that on or around December 1, 2014, Plaintiff was not allowed to attend a child custody hearing that was held before Defendant Eady-Williams because he was in jail, and that Eady-Williams conducted the hearing in violation of Plaintiff's due process rights. (Id. at 11). Finally, Plaintiff alleges that Defendant Sheriff Carmichael knew about Plaintiff's false imprisonment at the jail but did nothing to stop it. (Id.). Plaintiff seeks release from jail, as well as compensatory damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

Here, Plaintiff complains that he is being wrongfully detained in the Mecklenburg County Jail because of pending state criminal charges against him based on an illegal arrest. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims while state court criminal charges are

pending against him.

Additionally, as to state court judges Defendants Boner, Evans, and Eady-Willis, it is well established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."). Here, Plaintiff's allegations relate to conduct by the Defendant judges while they were acting in their judicial capacities. Thus, Defendants Boner, Evans, and Eady-Willis are entitled to absolute judicial immunity.

Next, as to Defendants Price and Murray, these Defendants enjoy absolute prosecutorial immunity from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976). As to Defendants McMillan and Tully, an attorney (whether retained, court-appointed, or a public defender) does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

In sum, for the reasons stated herein, this action will be dismissed as to all Defendants based on Younger abstention and on the additional ground that Defendants Boner, Evans, Eady-Willis, Price, Murray, McMillan, and Tully are entitled to immunity or are otherwise not subject to suit under Section 1983.

## IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action must be dismissed. To the extent that the Court is abstaining from addressing Plaintiff's claims of an illegal detention under <u>Younger</u>, the dismissal is without prejudice to Plaintiff to refile his claims against the proper defendants after the ongoing state criminal proceedings have concluded. To the extent that the Court is dismissing Defendants Boner, Evans, Eady-Willis, Price, Murray, McMillan, and Tully, the dismissal is with prejudice as to these Defendants for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is dismissed.

(2) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.

(3) The Clerk is instructed to terminate this action.

Signed: February 12, 2015

Frank D. Whitney
Chief United States District Judge